JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2496 PA (FFMx) | Date | December 17, 2014 |
|---|---|---|---|
| Title | U.S. Bank, N.A. v. Roscoe Musser | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Julieta Lozano | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER

Before the Court is a Notice of Removal filed by defendant Roscoe Musser ("Defendant") on December 4, 2014. (Docket No. 1.) Plaintiff U.S. Bank, N.A.'s ("Plaintiff") Complaint, filed in Riverside County Superior Court, asserts a single cause of action for unlawful detainer. Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

This is the third time that Defendant has filed a Notice of Removal for the same Complaint. Defendant's first Notice of Removal was filed on July 31, 2014, and was assigned case number ED CV 14-1576 PA (FFMx). The Court remanded that case sua sponte on August 4, 2014, because neither the

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 14-2496 PA (FFMx) | Date | December 17, 2014 |
|---|---|---|---|
| Title | U.S. Bank, N.A. v. Roscoe Musser | | |

Complaint nor the Notice of Removal provided adequate support for Defendant's contentions regarding the existence of federal question jurisdiction. On October 9, 2014, Defendant filed another Notice of Removal that failed to raise any new jurisdictional facts. The Court remanded that action, ED CV 14-2084 JGB (KKx), sua sponte on October 30, 2014 for the same reason. Most recently, Defendant filed another Notice of Removal on December 4, 2014 in an attempt to remove the same case. The current Notice of Removal does not differ from the previous Notices of Removal.

     A successive removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a successive attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64. Here, Defendant's Notice of Removal does not indicate any change in the nature of the case or any subsequent pleadings or papers that might provide a basis for a third removal.

     Moreover, as explained in the Court's August 4, 2014 order, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. Thus, even if Defendant intends to raise federal law as a defense to Plaintiff's claim for unlawful detainer, the adoption of such a defense does not provide grounds for this Court to exercise federal question jurisdiction. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court . . . ."). The Complaint in this action only states a single claim for unlawful detainer. Such a claim is governed by state law. Thus, even assuming that Defendant intends to raise federal law as a defense to this claim, there is no basis for federal question jurisdiction.

     Defendant has now impermissibly attempted to remove this action three times on the same grounds. Such successive removals are improper and unjustified. Any further attempts to remove this action on the same grounds, absent a substantial change in the nature of the case, may subject Defendant to the imposition of sanctions.

     The Court hereby remands this action to Riverside County Superior Court, Case No. TEC1400997. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.